**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

EVA ANDERSON                                                                                       PLAINTIFF

V.                                                          CIVIL ACTION NO. 2:18-cv-00095-KS-MTP

WELLS FARGO BANK, N.A.; OCWEN
LOAN SERVICING, INC., and JIM B. TOHILL                                   DEFENDANTS

**REBUTTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

COME NOW Wells Fargo Bank, N.A. ("Wells Fargo")[1] and Ocwen Loan Servicing, LLC, incorrectly identified as Ocwen Loan Servicing, Inc. ("Ocwen") (together, the "Defendants"), by and through the undersigned counsel, and file this, their Rebuttal Memorandum in Support of Motion to Dismiss, and in support thereof would show unto the Court the following, to-wit:

**I.  REBUTTAL ARGUMENT**

**A.      Plaintiff is Incorrect and the Court May Grant Motion to Dismiss.**

The Plaintiff begins her Response to Defendants Motion to Dismiss, Docket No. 8 (the "Response") by arguing that the case may not be dismissed because Ocwen and Wells Fargo cannot request dismissal of the action against the Trustee, James B. Tohill. Specifically she argues that the Defendants "have absolutely no standing to move to dismiss Count 6 of neither the complaint nor the case against James Tohill."  Response, Docket No. 8 at pp. 2-3.  This argument is contrary to the Plaintiff's own allegations in her Complaint that Jim B. Tohill is only named in the Complaint because, as Trustee, he executes the foreclosure. *See* Complaint, Docket No. 1-1 at Count Six, pp. 17-18 ("It is because of the important role of the Trustee and the fraud

---

[1] The proper identification of Wells Fargo is Wells Fargo Bank, N.A., as Trustee for the Pooling And Servicing Agreement dated as of February 1, 2005 Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series 2005-WHQ1.

of the other parties that mandates the Trustee being named as a Defendant.") The Complaint requests "a Declaratory Judgment against Jim B. Tohill to prevent an illegal foreclosure." *Id.* Otherwise, there are no stated causes of action against Mr. Tohill as the Trustee on the Deed of Trust. *See generally*, Complaint. Therefore, if the causes of action pled against Ocwen and Wells Fargo are dismissed as a matter of law by this Court, the declaratory relief of stopping the foreclosure can also be dismissed therewith.

**B.     The Court May Grant Motion to Dismiss on the Basis of *Res Judicata*.**

The Plaintiff argues in her Response that "because the Defendants move to dismiss the entire complaint, rather than the counts against them (Counts 1-5) and because res judicata can not be applied to Count 6 or James Tohill, the court lacks any authority or discretion to dismiss on the basis of res judicata." Response, Docket No. 8 at p. 3. Again, the Plaintiff is incorrect because the Trustee, James B. Tohill, is named in the Complaint as a nominal defendant in his capacity as Trustee in the subject Deed of Trust. There are no affirmative causes of action stated against Mr. Tohill as Trustee.

**C.     Wells Fargo Has Appeared as a Defendant in Previous Cases.**

The Plaintiff next argues in her Response that "[r]es judicata does not apply to Defendant Wells Fargo Bank N.A. because Wells Fargo has not appeared in this action and has never appeared in any action of which the Plaintiff commenced." Response, Docket No. 8 at p. 3. She also argues that "res judicata and collateral estoppel can not apply at all because the court was acting without subject matter or personal jurisdiction. In other words, all the previous complaints, motions and evidence were considered and decided by Kangaroo Courts." Response, Docket No. 8 at p. 5. The Plaintiff is incorrect because of the *res judicata* and collateral estoppel effect of previous decisions from Courts with jurisdiction over the Plaintiff and her real property. Wells Fargo was named as a defendant in two previous *pro se* filings that were decided on the

merits.  The first was a Petition for Removal of Cloud on Title and to Cancel Deed of Trust filed in the Chancery Court of Forrest County, Mississippi.  *See* October 4, 2013 Petition, Exhibit "C" to the Motion; Wells Fargo's November 27, 2013 Motion to Dismiss, Exhibit "D" to the Motion; and the December 10, 2014 Order dismissing the case with prejudice, Exhibit "E" to the Motion. The second was a *pro se* complaint against Wells Fargo in the United States District Court for the Southern District of Mississippi, Civil Action No. 2:15-CV-88. *See* Exhibit "I" to the Motion. Pursuant to a Rule 12(b)(6) motion, Wells Fargo was dismissed on August 4, 2016.  *See* Exhibit "K" to the Motion. Therefore, *res judicata* and collateral estoppel directly apply to the Plaintiff's claims in this matter and this matter should be dismissed in its entirety.

**D.    Ocwen Has Appeared and Has Been Dismissed in Previous Cases by the Plaintiff.**

The Plaintiff argues in her Response that "Ocwen has not legally appeared before the court in any previous civil action with this Plaintiff, and has committed Fraud Upon the Court and can not claim res judicata or collateral estoppel as a defense." Response, Docket No. 8 at p. 6.  Ocwen has also been involved in previous litigation. Ocwen was named as a defendant in previous federal court litigation, namely, on April 13, 2015, the Plaintiff filed a *pro se* complaint against Ocwen in the United States District Court for the Southern District of Mississippi, Civil Action No. 2:15-CV-54-KS-MTP, alleging fraud violation of RESPA. *See* Exhibit "F" to the Motion.  There, the Court struck an Amended Complaint naming Ocwen as improper, and the RESPA and fraud claims were dismissed by the Court and the case dismissed through three separate orders dated October 21, 2015, November 12, 2015 and November 18, 2015. *See* Exhibit "H" to the Motion.

Ocwen was also identified as an assignor in previous federal court litigation.  *See* June 1, 2015 Amended Complaint, Exhibit "I" to the Motion, and the Memorandum Opinion and Order, Exhibit "K" to the Motion. The Plaintiff's request to amend to add Ocwen as a defendant was

3

also denied because Ocwen "should have been known to the Plaintiff prior to filing her original complaint over a year ago, as they were identified in her loan documents [and] [i]n fact, she has previously sued them to challenge the validity of her mortgage note and/or deed of trust." *Id.* at p. 3 (citing *Anderson v. Barclays Capital Real Estate*, 136 So.3d 1080 (Miss. Ct. App. 2013)).

The Plaintiff's argument is also incorrect because all parties are owners and servicers of the Plaintiff's loan, and Ocwen is in privity with Wells Fargo. *Compare Anderson v. Ocwen Loan Servicing, LLC*, No. 2:15-cv-54-KS-MTP (S.D. Miss. 2015) and *Anderson v. Wells Fargo Bank, N.A., et al.*, No. 2:15-cv-88-KS-MTP (S.D. Miss. 2015) *to* Complaint, Docket No. 1-1. Regarding Ocwen, the Plaintiff admits that privity as they allege that Ocwen is "the successor corporation to HomEq Home Loan Servicing." Complaint, Docket No. 1-1 at ¶ 4. Also, "privity of interest exists among parties who are successors in interest to real estate." *See Bullock v. Resolution Trust Corporation,* 918 F.Supp. 1001, 1011 (S.D. Miss. 1995). *See also*, *Taylor v. Sturgell*, 553 U.S. 880, 128 S.Ct. 2161, 2172 (2008), ("nonparty preclusion may be justified based on a variety of pre-existing 'substantive legal relationship[s]' between the person to be bound and a party to the judgment. Qualifying relationships include, but are not limited to, preceding and succeeding owners of property . . . and assignee and assignor."). *See also*, *Nolen v. J.P. Morgan Chase & Co.*, 2016 WL 5794575, *3 (S.D. Miss. Sept. 30, 2016) (recognizing that the identity of parties element can be satisfied if the defendants in the two cases are in privity); *Davis v. Chase Home Finance, LLC,* 2014 WL 936474, *6 (S.D. Miss. March 10, 2014) (same); *Anderson v. Bank of America*, 2009 WL 3647516, *4 (S.D. Miss. Nov. 3, 2009) (finding privity in successor in interest to mortgage, as well as mortgage holder and mortgage servicer); *EMC Mortgage Corp. v. Carmichael,* 17 So.3d 1087, 1090 (Miss. 2009) (finding privity between mortgagee and its successor-in-interest). Here, as in *Anderson*, Ocwen's interest as servicer was

adequately represented by Wells Fargo in the prior suit and, as such, they are in privity. *See Anderson*, 2009 WL 3647516 at *4.

E.      **The Defendants are Not Conflated.**

The Plaintiff next argues in her Response that "Ocwen NEVER ONCE provided any Power of Attorney from the Trustee to establish that it had any standing to foreclose or represent the interests of Wells Fargo Bank, N.A." Response, Docket No. 8 at p. 6.  Further, she argues that "Ocwen itself has absolutely no standing in any of the mortgage assignments." *Id.* at p. 7. Again, the Plaintiff is incorrect in her argument because Ocwen is not a party to any of the assignments.  *See* Exhibits "1," "2" and "3" to the Complaint, Docket No. 1-1.  The first two assignments transfer the Note and Deed of Trust from Argent to Ameriquest and from Ameriquest to Wells Fargo. *Id.* The third assignment again transfers the Note and Deed of Trust from Argent to Wells Fargo. *Id.* The foreclosing entity would be Wells Fargo, not Ocwen. Ocwen is simply servicing the mortgage loan for Wells Fargo and the Plaintiff cannot challenge that servicing relationship because she is not a party to any servicing contract.  *See Pennell v. Wells Fargo Bank, N.A.*, 2012 WL 2873882, *1 (S.D. Miss. July 12, 2012)(citing *Trammell v. State*, 622 So. 2d 1257, 1260 (Miss. 1993)).

F.      **Plaintiff Has No Standing.**

The Plaintiff argues in her Response that "Ameriquest Mortgage intended to place these documents into a REMIC Trust. The Mortgage Assignment simply fails to accomplish that." Response, Docket No. 8 at p. 9.  This Court and Mississippi State Courts have held that "Plaintiff has no standing to challenge the assignment of her mortgage based on alleged noncompliance with a pooling and servicing agreement to which she was neither a party nor a third-party beneficiary.  The Court incorporates its prior rulings herein." *See* Exhibit "K" to the Motion. *See also*, *Anderson v. Ocwen Loan Servicing, LLC*, No. 2:15-cv-88-KS-MTP at Memorandum

5

Opinion and Order, Docket No. 85.  Judgment was entered on August 4, 2016.  *Id.* at Docket No. 86.  On appeal, the Fifth Circuit affirmed.  *See Anderson v. Wells Fargo Bank, N.A., et al.*, No. 2:15-cv-88-KS-MTP at Copy of Opinion, Docket No. 92. *See also,* Fifth Circuit Opinion, Exhibit "L" to the Motion.  The Plaintiff's arguments here show her claims are due to be dismissed on *res judicata* and collateral estoppel grounds.

**G.     Defendants are Not Wrong about the Law Concerning Standing.**

The Plaintiff argues that "the assignment of January 27, 2015 is not merely voidable but is void upon its face as it simply fails to accomplish anything at all, other than to reveal deliberate and intentional fraud." Response, Docket No. 8 at p. 11.  The Plaintiff also argues in her Response that "the United States Court of Appeals for the Fifth District, No. 12-50569-CV dismissal of the borrowers *Reinagel v. Deutsche Bank National Trust Co.* on July 11, 2013 was based upon their arguments of robo signing and similar assignment defects." Response, Docket No. 8 at p. 12.

The case cited by the Plaintiff applies Texas law and holds that mortgagors had standing to challenge a void assignment. *See Reinagel v. Deutsche Bank Nat. Trust Co.,* 735 F.3d 220, 226 (5th Cir. 2013).  In *Reinagel*, the Plaintiff contended that the assignments were void for various reasons including lack of authority by the signor and forgery.  *Id.* at 225-28.  The Fifth Circuit analyzed and discounted each of the plaintiff's bases for claiming the assignments were void.  *Id.*   Here, the Plaintiff's Complaint makes similar arguments that the assignments were "fatally defective" and "constitute criminal fraud and forgery" and "no authority."  *See generally*, Complaint, Docket No. 1-1 at pp. 3, 8, 14-16.  As the Fifth Circuit held in *Reinagel*, these allegations do not make the assignments void on their face and "facially valid assignments cannot be challenged for want of authority except by the defrauded assignor."  *Reinagel,* 735 F.3d at 228.

6

Finally, the Plaintiff argues that she is not basing her argument on the pooling and servicing agreement, but on "fraud and forgery by Defendant Ocwen which is revealed on the face of the documents." Response, Docket No. 8 at p. 12. Contrary to the argument, neither of the assignments to Wells Fargo was executed by Ocwen. The 2004 Assignment was executed by Marcia Morgan, agent for Ameriquest as verified by the Notary, Richard Price. *See* Exhibit "2" to the Complaint, Docket No. 1-1. The 2015 Assignment was executed by David E. Santa, authorized officer for Argent as verified by the Notary, Christian J. Forrer (sp). *See* Exhibit "3" to the Complaint, Docket No. 1-1. Nothing on the face of either assignment shows any possible forgery by Ocwen as alleged by the Plaintiff. Both were signed and verified before notaries. *See id.*

## H.   *Res Judicata* Directly Applies.

Plaintiff argues in her Response that Defendants state that she "filed Civil Action No. 2:15-CV-54 alleging fraud violation of RESPA…. [and] then proceeds to argue that the Plaintiff filed an amended complaint alleging 'Fraud Without Intent.' This is not true." She states that "[f]or the Defendants to claim that the fraud claim was dismissed with prejudice is a deliberate lie." Response, Docket No. 8 at p. 14. A review of the Defendants' Memorandum in Support of Motion to Dismiss shows the Defendants described the Court's ruling as – "The Court struck the Amended Complaint as improper, and the RESPA and fraud claims were dismissed with prejudice by this Court through three separate orders dated October 21, 2015, November 12, 2015 and November 18, 2015." Memorandum, Docket No. 3 at p. 5 (citing Exhibit "H." to the Motion). A review of the October 21, 2015, November 12, 2015 and November 18, 2015 Orders indeed show the fraud claim without prejudice. *See* Exhibit "H" to the Motion. The Defendants should have noted the claims were dismissed without prejudice. However, this is of no moment because this Court dismissed all of the Plaintiff's claims for relief and closed the case. *See*

*Anderson v. Ocwen Loan Servicing, LLC*, No. 2:15-cv-54-KS-MTP at Order, Docket No. 62 at p. 3.  "It is well established that Rule 12(b)(6) dismissals are made on the merits."  *See Stevens v. Bank of America, N.A.,* 587 Fed. Appx. 130, 133 (5th Cir. 2014).  The Plaintiff's claims have been litigated in her previous cases and are barred by *res judicata* as well as collateral estoppel.

I.     *Res Judicata* **and Collateral Estoppel is not Defeated by Fraud and Fraudulent Concealment.**

As a final argument, the Plaintiff's Response states that "the complaint makes clear, the Ameriquest assignment was fatally detective and failed to assignment the note and mortgage to the relevant trust." Response, Docket No. 8 at p. 15.  However, the Plaintiff admits that "[t]he Defendants in each previous case argued the validity of this assignment. They stood upon this assignment as the foundation of their case and their right to foreclose."  *Id.*

The Defendants agree that it is well settled both in the Plaintiff's previous cases, the Plaintiff has absolutely "no standing to challenge the assignment of her mortgage based on alleged noncompliance with a pooling and servicing agreement to which she was neither a party nor a third-party beneficiary.  The Court incorporates its prior rulings herein."  *See* Exhibit "K" to the Motion.  The Plaintiff's fraud or fraudulent concealment has been previously litigated. *See* Amended Complaint, Exhibit "G" to the Motion at pp. 2-3 and Orders Striking Amended Complaint and dismissing case, Exhibit "H" to the Motion.  *See also*, June 1, 2015 Amended Complaint Bad Mortgage Assignment, Exhibit "I" to the Motion at pp. 1-3, 6 ("[t]he two assignments dated December 29, 2004 signed by the same person without authority Marcia Morgan and Richard E. Price is void.") and Memorandum Opinion, Exhibit "K" to the Motion. This Court's Memorandum Opinion dated August 4, 2016, specifically held

> Upon an exceedingly liberal reading of the amended complaint, Plaintiff may assert fraud claims against Defendant. "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). This rule requires Plaintiff to identify the "time, place, and contents of the false representations, as well as the identity of the person making the representation, and what that person obtained thereby." *Owens v. Jastrow*, 789 F.3d 529, 535 (5th Cir. 2015). Plaintiff provided no particular or specific allegations regarding the circumstances of the alleged fraud.[4]
> 
> _____
> 
> [4] Defendant also asserted a res judicata argument, but it is not necessary for the Court to address it.

*Id.* at p. 5. The Court granted dismissal pursuant to Federal Rule 12(b)(6). *Id.* at p. 6. On July 20, 2017 the Fifth Circuit issued its opinion noting that "Plaintiff claims that Wells Fargo, the current owner of her mortgage, had no right to foreclose on her mortgage because of a fraudulent assignment in the chain of ownership." Exhibit "L" to the Motion at p. 1. The Plaintiff also tried to argue for the first time on appeal that the UCC forbids and voids the assignments. *Id.* The Fifth Circuit affirmed the district court's dismissal as well as the Plaintiff's request to amend as futile "because she failed to demonstrate that the evidence was unavailable prior to the district court's ruling." *Id.* at p. 2.

As a final note, the Plaintiff's claim of any fraud regarding the assignments is incorrect because the 2015 Assignment from Argent [Exhibit "3" to the Complaint] transfers to Wells Fargo, and the previous 2004 Assignment from Ameriquest [Exhibit "2" to the Complaint] transfers to Wells Fargo. The 2004 Assignment transfers the subject Note and Deed of Trust to "Wells Fargo Bank, NA as Trustee under Pooling and Servicing Agreement dated as of February 1, 2005 Asset Backed Pass-Through Certificates Series 2005 WHQ1." *See* Exhibit "2" to the Complaint. The 2015 Assignment transfers the subject Note and Deed of Trust to "Wells Fargo

9

Bank, N.A. as Trustee for the Pooling and Servicing Agreement dated as of February 1, 2005 Park Place Securities Inc. Asset-Backed Pass-Through Certificates Series 2005 WHQ1." *See* Exhibit "3" to the Complaint. This is a distinction without difference and both assignments are facially valid. As such, the entirety of this matter should be dismissed based on the decisions in multiple previous cases filed by the Plaintiff on the dual basis of *res judicata* and collateral estoppel.

## II.  CONCLUSION

Based on the foregoing reasons and the reasons stated in the Defendants' Memorandum in Support of their Motion to Dismiss, the Plaintiff's Complaint should be dismissed with prejudice based on *res judicata* and collateral estoppel.

THIS the 28th day of June, 2018.

                                            Respectfully submitted,

                                            **WELLS FARGO BANK, N.A. and OCWEN LOAN SERVICING, LLC.**

                                            By:     s/ John T. Rouse
                                                       John T. Rouse
                                                       One of their Attorneys

OF COUNSEL:

John T. Rouse (MSB No. 101586)
McGLINCHEY STAFFORD, PLLC
1020 Highland Colony Parkway, Suite 702
Ridgeland, Mississippi  39157
Telephone: (769) 524-2329
Email: jrouse@mcglinchey.com

**CERTIFICATE OF SERVICE**

I, the undersigned John T. Rouse, McGlinchey Stafford PLLC, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

NONE

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participant:

> Eva Anderson
> 203 Country Park Drive
> Petal, Mississippi  39465

THIS, the 28th day of June, 2018.

>     s/ John T. Rouse
> Of Counsel